# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARLOS C. MCDANIELS,

          Plaintiff,

v.

WARDEN JUDY SMITH, JIM ZANON, TODD GILLINGHAM, SGT. POBRANZ, CINDY O'DONNELL, BRAD HOMPE, KATHY SABEL, CITY OF OSHKOSH POLICE DEPARTMENT, and JOHN DOE,

          Defendants.

Case No. 17-CV-1056-JPS

**ORDER**

On August 3, 2017, Magistrate Judge William E. Duffin ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $20.14 pursuant to Plaintiff's request to proceed *in forma pauperis*. (Docket #7). This matter was reassigned to this branch of the Court on August 8, 2017. The Court notes that on August 1, 2017, along with the filing of his complaint, Plaintiff moved the Court to allow him to pay his IPFF from his prison release account. (Docket #4).

This Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF. *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v.*

*Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could detriment that prisoner's likelihood of success post-incarceration, see Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

While the Court will not permit Plaintiff to tap into his release account for the entirety of his filing fee, or other litigation costs, it will grant Plaintiff permission to use funds from that account solely for the purpose of paying the IPFF. Plaintiff shall ensure that the IPFF of $20.14 is paid to the Clerk of the Court on or before **August 24, 2017**, the deadline originally set by Magistrate Duffin. Failure to pay the IPFF within the specified time period may result in dismissal of the action with prejudice pursuant to Civil Local Rule 41(c) and Federal Rule of Civil Procedure 41(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to pay his initial partial filing fee with release account funds (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall release $20.14 from Plaintiff's release account for payment of the initial partial filing fee in this matter; and

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge