# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARLOS C. MCDANIELS,

      Plaintiff,

v.

WARDEN JUDY SMITH, JIM ZANON, TODD GILLINGHAM, SGT. POBRANZ, CINDY O'DONNELL, BRAD HOMPE, KATHY SABEL, CITY OF OSHKOSH POLICE DEPARTMENT, and JOHN DOE,

      Defendants.

Case No. 17-CV-1056-JPS

**ORDER**

   Plaintiff Carlos C. McDaniels, who is incarcerated at Oshkosh Correctional Institution ("Oshkosh"), proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #3). Plaintiff has been assessed and paid an initial partial filing fee of $20.14. *See* 28 U.S.C. § 1915(b)(1).

   The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that at some point in early June 2017, while incarcerated at Oshkosh, Defendant Sgt. Pobranz ("Pobranz") touched his butt in a sexually suggestive manner during a pat down search. (Docket #1 at 6). Pobranz also whispered in Plaintiff's ear at the same time, "[d]on't I know you from somewhere?" *Id.* Plaintiff's unit was in lockdown at the time so he could not call the prisoner complaint hotline. *Id.* He made an interview request for Defendants Warden Judy Smith ("Smith") and unit manager Kathy Sabel ("Sabel") but never received a response. Plaintiff also wrote a letter to the Defendant City of Oshkosh Police Department which went unanswered. *Id.* at 7.

After the lockdown was over, Plaintiff spoke to other inmates who had a similar experience with Pobranz. When Plaintiff was finally able to call the prisoner complaint hotline, they told him the Pobranz issue was being dealt with. In the next few weeks, Plaintiff filed a number of inmate complaints concerning Pobranz's actions. *Id.* Defendant Todd Gillingham ("Gillingham") rejected one of these out of hand as duplicative. *Id.* Another complaint was dismissed by the John Doe complaint examiner. *Id.* Plaintiff appealed that decision but Defendant Brad Hompe ("Hompe") denied the appeal, citing the ongoing investigation into Pobranz's misconduct. *Id.* at 8. Plaintiff alleges that Hompe's decision was made in consultation with Defendant deputy warden Jim Zanon ("Zanon"). *Id.* Plaintiff apparently took an appeal of Hompe's ruling, which was subsequently denied by Defendant Cindy O'Donnell ("O'Donnell"). *Id.*

Plaintiff states that no one ever came to talk to him about the Pobranz investigation. He further alleges that he was "moved off of K-Unit in retaliation, due to he was /is the most vocal about what Pobranz has done[.]" *Id.* Plaintiff's requests for relief are wide-ranging, combining both injunctive and monetary relief against nearly all Defendants. *Id.* at 9-12.

Plaintiff may proceed on a claim of cruel and unusual punishment against Pobranz. "A prison guard carrying out a prison security measure can violate the Eight Amendment in one of two ways: by maliciously inflicting pain or injury, . . . or by performing some action that is intended to humiliate the victim or gratify the assailant's sexual desires[.]" *Gillis v. Pollard*, 554 F. App'x 502, 505 (7th Cir. 2014) (citations and quotations omitted). As alleged by Plaintiff, Pobranz's groping and comment during the pat down search are of the latter variety.

Plaintiff has not stated viable claims against any other Defendant. None were actually present when Pobranz acted or could have intervened to stop him. Plaintiff merely complained to each Defendant after-the-fact. As the Seventh Circuit explains,

> [the prisoner's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. . . . That is equally true for an inmate complaint examiner.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (citation omitted). As more particularly applicable to Plaintiff's claim of cruel and unusual punishment,

> [The prisoner's] argument on the merits is that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself. That proposition would not help him if it were correct, for he has lost on all of his underlying constitutional theories. But it is not correct. Only persons who cause or participate in the violations are responsible. . . . Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

*George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

There are further problems for Plaintiff's allegations against these Defendants. The supervisors, Smith, Sabel, and Zanon, cannot be liable simply by virtue of their positions; they must have known of Pobranz's misconduct and failed to stop it. *Flournoy v. Schomig*, 418 F. App'x 528, 531 (7th Cir. 2011). As to the complaint reviewers, Gillingham, Hompe, O'Donnell, and John Doe, they could be liable if they simply "sent each grievance to the shredder without reading it," but Plaintiff's allegations confirm that they did not. *Burks*, 555 F.3d at 595. Finally, the City of Oshkosh Police Department is not a suable entity. *Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004).

In sum, the court finds that the plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Cruel and unusual punishment applied to Plaintiff, in violation of the Eighth Amendment, by Defendant Sgt. Pobranz.

The Court will also address Plaintiff's pending motion for a preliminary injunction. (Docket #2). Plaintiff's two-page motion, unaccompanied by any evidence, is woefully insufficient to establish the elements required for issuance of an injunction: "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Further, most relief Plaintiff seeks is the subject of discovery, not an injunction. (Docket #2 at 2) (Plaintiff desires, *inter alia*, a list of other Pobranz-related inmate complaints and investigation notes about the Pobranz incident). The only non-discovery relief Plaintiff requests is a psychological examination. *Id.* This action does not concern Plaintiff's

medical care, or lack thereof, and injunctive relief must relate to the claims in the complaint. *Karow v. Fuchs*, No. 13-CV-798-JDP, 2015 WL 5704341 *5 (W.D. Wis. Sept. 29, 2015). Plaintiff's motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Warden Judy Smith, Jim Zanon, Todd Gillingham, Cindy O'Donnell, Brad Hompe, Kathy Sabel, John Doe, and City of Oshkosh Police Department be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant Sgt. Pobranz;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the

Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge