# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CARLOS C. MCDANIELS,<br><br>      Plaintiff,<br><br>v.<br><br>BRIAN POBANZ,<br><br>      Defendant. | Case No. 17-CV-1056-JPS<br><br>**ORDER** |

**1. INTRODUCTION**

On September 5, 2017, the Court screened Plaintiff's complaint. (Docket #11). The complaint alleged that Defendant, a prison guard, violated Plaintiff's constitutional rights by sexually harassing Plaintiff during a pat down search. *Id.* at 3–4. This occurred while Plaintiff was incarcerated at Oshkosh Correctional Institution. *Id.* Plaintiff was allowed to proceed on a claim of cruel and unusual punishment, in violation of the Eighth Amendment, against Defendant. *Id.* at 6.

On May 1, 2018, Defendant moved for summary judgment. (Docket #37). Plaintiff's response to the motion was due on or before May 31, 2018. Civ. L. R. 7(b). That deadline has passed and no response has been received. The Court could summarily grant Defendant's motion in light of Plaintiff's non-opposition. Civ. L. R. 7(d). However, as explained below, Defendant also presents a valid basis for dismissing Plaintiff's claim. For both of these reasons, Defendant's motion must be granted.

**2. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. **BACKGROUND**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered October 13, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #15 at 2–3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendant's motion for summary judgment, he too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #37). Plaintiff was provided with additional copies of those Rules along with Defendant's motion. *Id.* at 3–11. In connection with his motion, Defendant filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #42). It contained short, numbered paragraphs concisely stating those facts which Defendant proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff filed absolutely nothing—no brief in opposition, much less a response to the statement of facts.[1] Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendant's proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendant's facts undisputed for purposes of deciding his motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

In the absence of any factual disputes, and in the interest of brevity, the Court will discuss the material facts as part of its analysis of Plaintiff's claim. All factual discussion is drawn from Defendant's statement of proposed facts. (Docket #42).

4. **ANALYSIS**

As noted above, Plaintiff was allowed to proceed on a single claim for cruel and unusual punishment. "A prison guard carrying out a prison security measure can violate the Eight Amendment in one of two ways: by maliciously inflicting pain or injury, . . . or by performing some action that is intended to humiliate the victim or gratify the assailant's sexual

---

[1] Plaintiff's only filing since the date of Defendant's motion was a motion for appointment of counsel. (Docket #45). That motion, filed on May 25, 2018, was denied the same day. (Docket #46). The motion made no mention of Defendant's pending request for summary judgment. *See* (Docket #45).

desires[.]" *Gillis v. Pollard*, 554 F. App'x 502, 505 (7th Cir. 2014) (citations and quotations omitted). Plaintiff alleges that during a pat down search, Defendant touched his butt suggestively and whispered in Plaintiff's ear "don't I know you from somewhere?" (Docket #11 at 3). Plaintiff's claim, then, implicates the second variety of cruel and unusual punishment.

The undisputed facts flatly contradict Plaintiff's allegations. Defendant denies touching Plaintiff inappropriately or whispering in his ear. Plaintiff filed an inmate complaint about the incident a few weeks after it occurred. The complaint was investigated by a supervising correctional officer, who interviewed both parties and reviewed security footage of the encounter. The footage, provided to the Court with Defendant's motion, shows that Defendant conducted the pat down search in accordance with his training. Defendant searched Plaintiff for less than ten seconds. His hands were only near Plaintiff's lower body for about two seconds. At no point does the footage show Defendant groping or squeezing Plaintiff's body or leaning towards Plaintiff's ear. Plaintiff did not flinch during the search or otherwise react in a manner which would suggest that he was aggrieved by what was happening.

In the context of searches, the focus of the Eighth Amendment inquiry is penological justification. *Calhoun v. DeTella*, 319 F.3d 936, 939–40 (7th Cir. 2003). If the officer had a legitimate reason to conduct the search, and did so in a reasonable manner, Eighth Amendment liability does not arise. *Id.* "There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Id.* at 939. Plaintiff may not have liked being made to endure a pat down search, but such searches have ample penological justification and are conducted

numerous times per day in every prison in the country. There is no evidence to suggest that Defendant's search was unreasonable or that he intended to harass or humiliate Plaintiff. No reasonable jury could find in Plaintiff's favor on the claim presented.

5.   **CONCLUSION**

On the undisputed facts presented, summary judgment is appropriate in Defendant's favor on Plaintiff's sole claim against him. The Court must, therefore, grant Defendant's motion and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #37) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge